LEMMON, Judge
(concurring).
The date of registry of the acceptance generally marks the commencement of the time within which a suit against the surety must be brought. R.S. 9:4814, subd. B. The registry is effective, however, only if filed after substantial completion of the work. R.S. 9:4802.1. The purpose of the restriction on effectiveness of the registry is to prevent an owner from shortening the suit period by filing a premature acceptance.
By the same token, a subcontractor cannot extend the period within which to file suit by delaying full completion (purposely or otherwise) after the work has been substantially completed. This reasoning applies even if the missing item necessary for full completion is one which is required for safety purposes or for issuance of a governmental permit.
The purpose of the building contract law is completely unrelated to the purpose underlying the requirement of an emergency lighting system in churches seating over 200 persons. A building can be substantially complete within the contemplation of the building contract law and yet not be acceptable for issuance of a governmental permit; similarly, a building can be fully complete (and thus unquestionably subject to recordation of an effective acceptance) and still be ineligible for its intended use because of the violation of zoning restrictions or other governmental regulations.
In the present case the architect recommended acceptance of the work, and the acceptance was registered at a time when the record establishes the work was substantially complete. The suit, filed more than a year thereafter, came too late.